Common Pleas Court of Hamilton County.

CHARLES EISEN, ET AL V. HUBER BUILDERS MATERIAL CO.

Decided July 1, 1933.

*Matthews & Matthews,* and *A. E. Purcell,* for the motion. *Michael G. Heintz, contra.*

DARBY, J.

This action was for foreclosure of a lien upon certain property of the defendants. Upon the filing of the petition a receiver was appointed to collect the rents. Immediately after the filing of this suit the Huber Builders Material Company filed an action for dissolution of the corporation under the General Corporation Act of the state. A receiver of all the property of the company was appointed, and an order made enjoining all stockholders and creditors from interfering with the custody and control of the property of the corporation.

The plaintiffs in this case have moved for a default judgment on their petition.

The answer of the Huber Company sets forth the appointment of a receiver in the dissolution case, and therefore states that this court has no jurisdiction to hear and determine this cause.

The receiver has filed an action making a number of banks, corporations and others defendants, among them the trustees, plaintiffs in this case, and in the petition he recites his appointment as receiver, and that the various corporations, defendants and trustees, claim liens against certain property of the Huber company.

Among the parcels of real property described in the receiver's petition is the property described in the petition in this case, and on which the trustees hold the lien referred to. The petition in the receiver's case describes some eighty tracts of land, all of which were included in the appraisement in the dissolution case. The petition alleges that the merchandise of the Huber Company has been sold, and that the unsold chattel property of the company will be insufficient to pay its debts, and that it will be necessary to sell the real estate described in the petition for the purpose of satisfying the liens upon the premises and to pay the creditors. The prayer in the petition is—

"for a judgment and decree of this court directing him to cause said property to be appraised and sold, and that the proceeds thereof be distributed to the parties entitled thereto, and for all proper aid and relief."

The plaintiffs in this case are now insisting upon a decree of foreclosure and an order for sale, while the receiver

is insisting that under the Corporation Act and the orders of this court the receiver is vested with title to the property and is empowered to proceed to sell the same in the dissolution matter and give full title to the purchaser.

The questions involved relate to—

1. Powers of the receiver under the Corporation Act and his appointment by the court;
2. General policy.

## I.

As to the general powers of the receiver, the Corporation Code, provides, Section 8623-92 as follows:

"Whenever, after either voluntary or judicial dissolution of a corporation, a receiver is appointed to wind up the affairs of such corporation, all the rights, interest, liens or claims of creditors, claimants and shareholders shall be fixed and determined as of the day on which such receiver was appointed.

"Unless it shall be otherwise ordered, such appointment shall vest in such receiver and his successors the right to the immediate possession of all the property of the corporation which shall, if so ordered, execute and deliver conveyances thereof to such receiver or his nominee * * *.

"Such receiver shall have all the power and authority vested in the last board of directors and in the last officers of a corporation which has been voluntarily dissolved, and shall exercise the same subject to and in accordance with such orders as may from time to time be made by the court or a judge thereof in vacation, and may be required to qualify by giving bond to the state in such sum as the court or a judge thereof may fix, with surety to the satisfaction of the clerk of such court, conditioned for the faithful discharge of his duties, and for a due accounting for all money and property received by him."

It would seem that this section alone passes complete control and title of the property of the corporation to the receiver. The succeeding Section 8623-93 provides as follows:

"Upon or at any time after the filing of a petition for the dissolution of a corporation, or upon or at any time after the appointment of the receiver of a dissolved corporation, whether dissolved voluntarily or by judicial proceedings, the court or a judge thereof in vacation may by injunction or order, stay all pending suits, actions or proceedings, and may require or permit any director, officer, shareholder, creditor or person interested in the corporation or its prop-

erty, to intervene at any stage of the dissolution proceeding, to set forth his particular rights, interest, claims or liens, or to seek any relief he may be entitled to, but the court may limit or restrict intervention, or require parties in interest to appear by groups or class representatives."

Section 8623-120 under the title of "Judicial Sales," provides:

"The real or personal property, or both, of a corporation may be sold under the judgment or decree of a court as provided in the General Code in respect of similar property of natural persons; or at public or private sale, in such manner, at such time and place, on such notice, by publication or otherwise, on such terms and conditions of sale or upset price as the court adjudging or decreeing such sale shall deem equitable and proper, and it shall not be necessary in such case to appraise any such property or to advertise its sale as required by the General Code as to real or personal property of natural persons."

The last section was under consideration in *Bloomberg* v. *Roach, Receiver,* 43 O. A., 178 and in that case it was held that a sale by a receiver to pay debts and liens was authorized under this section.

The court is therefore of the opinion that under these sections of the corporation law and by general practice, the receiver is authorized to maintain the action to sell the property, and that a purchaser from him, at judicial sale, will acquire a good title to the land described in the plaintiff's petition. See *Doan et al* v. *Biteley,* 49 O. S., 588.

As a matter of general policy it seem that the purposes of the sections referred to are to provide for sale by a receiver in one action to be maintained by him, and thus to prevent a multiplicity of suits.

In the dissolution matter all of the property owned by the company has been appraised and the court could order in accordance with Section 8623-120, General Code, a sale at the appraised value, or order a re-appraisement if the parties so desire. Any other method of proceeding might involve the courts in the filing of eighty suits covering each parcel of property, which should be avoided. It is difficult to see how any one would be deprived of his rights under the proceeding outlined.

The motion of the plaintiffs in this case for default judgment should therefore be overruled and the receiver should proceed according to law under his suit for the sale of the real property of the Huber Company.

Common Pleas Court of Montgomery County.

### G. H. HAMMOND CO. V. IRA J. FULTON.*

Decided November 11, 1932.

*Craighead, Cowden, Smith & Schnacke*, for plaintiff.
*Kuswiorm & Shaman*, and *John W. Bricker*, attorney general, for defendant.

SNEDIKER, J.

This case is before the court on a general demurrer to the petition on the ground that it does not state facts sufficient to constitute a cause of action.

The plaintiff sues on two drafts, one for $582.68 and the other for $567.49, asking that they be allowed as preferred out of the assets of the Union Trust Company which is now in liquidation. The facts are that these drafts were paid for in large part by the checks of depositors of the Union Trust Company other than the plaintiff. The plaintiff seeks the benefit of Section 713, General Code of Ohio, which reads:

"In any case where any bank incorporated under the laws of this state, or any unincorporated bank doing business within this state, shall have preseented to it for collection and payment a check drawn by a depositor in such bank or

*Affirmed, May 24, 1933.